IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | CASE NO. 1:15 CV 00347 |
| | ) | |
| PETITIONER, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEITH SMITH, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | **AMENDED REPORT AND** |
| | ) | **RECOMMENDATION** |

Before me by referral[1] is the petition of Michael Williams for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Williams is now incarcerated by the State of Ohio for an aggregate term of 15 years at the Mansfield Correctional Facility in Mansfield, Ohio.[3] The sentence results from his 2011 conviction at a bench trial in the Cuyahoga County Court of Common Pleas on multiple charges of attempted murder, felonious assault, aggravated robbery and improperly handling firearms in a motor vehicle.[4]

The State seeks to dismiss the petition as time-barred.[5] Williams, for his part, appears to argue that the circumstances surrounding the dismissal of a prior, similar petition should

---

[1]ECF # 8.

[2]ECF # 1.

[3]*Id.* at 1.

[4]ECF # 5, Attachment (state court record) at 13.

[5]ECF # 5.

serve to toll the operation of the limitations period.[6]

For the reasons that follow, I will recommend that the State's motion to dismiss be granted.

## Facts

The facts relevant to the present motion are substantially set out in the Sixth Circuit opinion denying Williams's motion for a certificate of appealability ("COA") regarding the dismissal of his prior habeas petition and then in the filings of this case.

Williams filed the prior petition on February 28, 2014, raising three grounds for relief.[7] The district court found, consistent with the parties' own pleadings and the recommendation of the magistrate judge, that while Ground One was unexhausted, Ground Three was not.[8] Further, the district court concluded that because there was a lack of factual details as to the claim in Ground Two, that claim as well may have been unexhausted.[9] In such as posture, and with Williams providing no basis for staying and abating consideration of the petition,[10] the district court properly dismissed the petition without prejudice.[11]

In so doing, the district court declined to adopt the portion of the magistrate judge's

---

[6]ECF # 6.

[7]Case No. 1:14-cv-468, ECF # 21 at 2.

[8]*Id*. at 4.

[9]*Id*.

[10]*Id*. at 3.

[11]*Id*. at 4.

2

report and recommendation that had proposed, as a partial solution to the exhaustion issue, that Williams be ordered to file an amended petition deleting Ground Three.[12] Without waiting for a decision by the district court as to whether this recommendation would be adopted, Williams filed an amended petition.[13]

After unsuccessfully seeking a motion to alter or amend judgment,[14] Williams appealed to the Sixth Circuit for a COA concerning the district court's decision to dismiss the petition without prejudice as containing unexhausted claims.[15] As noted, the Sixth Circuit, on September 10, 2015, then denied the motion for a COA, finding that "reasonable jurists would not debate" the district court's decision to dismiss the petition.[16]

While the matter was pending before the Sixth Circuit, the present petition, which is the same as the amended petition in the previous case, was filed February 23, 2015.[17] As the State observes in its motion to dismiss, Williams conviction became final on December 4, 2013 when the Ohio Supreme Court dismissed the appeal arising from Williams's properly

---

[12]*Id.* at 3.

[13]ECF # 10 (Report and Recommendation filed on December 10, 2014); ECF # 12 (Amended petition filed on December 19, 2014); ECF # 13 (Memorandum Opinion and Order declining to adopt the Report and Recommendation as written and dismissing the petition without prejudice entered January 12, 2015).

[14]ECF # 15 (motion to alter or amend); ECF # 16 (order denying motion).

[15]ECF # 17.

[16]ECF # 21 at 4.

[17]Case No. 1:15-cv-347, ECF # 1.

3

filed post-conviction motion alleging the ineffective assistance of trial counsel.[18]Thus, the State continues, Williams needed to file an petition for federal habeas relief by December 4, 2014 in order to be timely.[19]The present petition, filed on February 23, 2015, is, the State asserts, therefore untimely and should be dismissed.[20]

As also noted, Williams seems to argue that his prior petition should have been considered amended, which would have allegedly cured any exhaustion problem and also would have preserved the timeliness of the earlier, dismissed petition.[21]

## Analysis

### A.    Standard of review – timeliness

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[22] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[18]ECF # 5 at 10.

[19]*Id.*

[20]*Id.*

[21]ECF # 6 at 3. ("The [district] court should have considered the time limit for filing a habeas corpus petition [before dismissing the prior petition]....[by] plac[ing] a reasonable time limit on petitioner's trip to state court and back.").

[22]Pub. L. No. 104-132, 110 Stat. 1214.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[23]

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

**B.      Application of standard**

Williams appears to tacitly concede that this present petition is untimely, and instead seeks to create a reason to revive the timeliness of the prior petition or give effect to its filing. Unfortunately, Williams seeks to do this by questioning the terms on which the district court dismissed the prior petition, and further to do so without considering the decision of the Sixth Circuit that fully endorsed that resolution.[24]

Thus, Williams's argument that the "District Court did not consider ... whether it

_____

[23]28 U.S.C. § 2244(d)(1).

[24]Williams's brief in opposition was filed April 10, 2015 while the Sixth Circuit decision was entered on September 10, 2015.

should issue a stay and abeyance order,"[25] is belied by the Sixth Circuit's clear statement that the district judge properly concluded that Williams "had not sufficiently argued in support of the issuance of a stay rather than dismissal."[26] Indeed, as set forth above, the Sixth Circuit fully supported as the "appropriate course" the decision of the district court to dismiss the prior action "in its entirety without prejudice."[27]

With the prior action dismissed with no basis for stay and abatement, Williams was subject to the expiration of the limitations period before he could either return to the state court to exhaust any unexhausted claims or otherwise seek to remedy the situation by the filing of a new or amended petition.[28]

Moreover, as the State observes, the present petition does not "relate back" to the prior petition under Rule 15 (C)[29] nor do the circumstances surrounding the prior petition and its dismissal form the basis for statutory or equitable tolling in this case.[30] In addition, Williams has not advanced any ground for equitable tolling on the basis of actual innocence.[31]

---

[25] ECF # 5 at 3.

[26] Case No. 1:14-cv-468, ECF # 21 at 3.

[27] *Id*. at 4.

[28] *See, Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[29] *Hinds v. McLemore,* 2006 WL 1795137, at *1 (W.D. Mich. 2006)(citing cases).

[30] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citation omitted)(equitable tolling may be available when petitioner promptly goes to state court to exhaust unexhausted claims and then promptly returns to federal court).

[31] *McQuiggin v. Perkins,* __ U.S. __, 133 S.Ct. 1924, 1935 (2013).

**Conclusion**

For the reasons stated, I recommend granting the State's motion to dismiss the present petition as untimely, and thus that Williams's petition be dismissed.


Dated: September 30, 2015                          s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

7