IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | CASE NO. 1:15CV00347 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH SMITH, Warden, | ) | ORDER ADOPTING MAGISTRATE'S |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

This matter comes before the Court upon the Amended Report and Recommendation of Magistrate Judge William H. Baughman, Jr. addressing the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254[1] ("§2254 Petition") filed by Petitioner on February 23, 2015. (ECF #1). For the reasons set forth herein, the Amended Report and Recommendation, (ECF #10), is hereby ADOPTED.

I.  Factual and Procedural History

Petitioner is currently serving a 15-year prison sentence after his 2011 conviction at a bench trial in the Cuyahoga County Court of Common Pleas on multiple charges of attempted murder, felonious assault, aggravated robbery and improperly handling firearms in a motor vehicle. (*See* ECF #5-1, p. 13). Plaintiff appealed his conviction and sentence to the Eighth District Court of Appeals, Cuyahoga County, and on September 20, 2012, that Court affirmed his conviction and sentence.

---

[1]  Antiterrorism and Effective Death Penalty Act of 1996, (Pub. L. No. 104-32, 110 Stat.1214, codified as amended at 28 U.S.C. §2244(d))(hereinafter "AEDPA").

Petitioner filed a Petition for Postconviction Relief with the Common Pleas Court on June 29, 2012, which was denied. (*See* ECF #5-1, PageID 138). Petitioner appealed this ruling to the Eight District Court of Appeals, Cuyahoga County, and the trial court's denial of postconviction relief was affirmed. (Id. at PageID 192). After Petitioner's Motion for Reconsideration was denied, (*See* Id. at PageID 218), Petitioner appealed to the Supreme Court of Ohio on September 23, 2013. The Ohio Supreme Court filed an Entry on December 4, 2013 declining to accept jurisdiction of the appeal. (*Id.* at pageID 250).

Petitioner filed a §2254 Motion on February 28, 2014, which was assigned to this Court as Case No. 1:14-CV-000468. On December 5, 2014, Magistrate Judge Kathleen B. Burke issued her Report and Recommendation indicating that Petitioner had not exhausted available state remedies, and ordered Petitioner to file an Amended Petition. (*See* Case No. 1:14-CV-000468, ECF #10). Petitioner filed his Amended Petition on December 19, 2014. (ECF #12). However, on January 12, 2015, this Court issued an Order declining to adopt Magistrate Burke's Report as written and dismissed the Petition without prejudice. (*See Id.* at ECF #13). This Order stated that Petitioner failed to exhaust available state remedies and that "Petitioner has set forth no argument to support the issuance of a stay." (*Id.* at p.2).

Petitioner then filed a "Motion to Alter/Amend Judgment" asking the Court to vacate the order of dismissal and allow the matter to proceed based upon the Amended Petition. (ECF #15). After this Motion was denied, (see ECF #16), Petitioner filed a Notice of Appeal with the Sixth Circuit Court of Appeals on March 6, 2015, seeking a certificate of appealability ("COA"). (ECF #17). On September 11, 2015, the Sixth Circuit denied Petitioner's motion for a COA, stating that

-2-

"reasonable jurists would not debate the district court's decision...to dismiss the petition in its entirety without prejudice." (ECF #21).

On February 23, 2015, Petitioner filed the §2254 Petition at issue herein.

II. Analysis

Petitioner argues that the first §2254 Petition should have been considered amended and therefore, not dismissed. Petitioner also argues that the current §2254 Petition "relates back" to the first §2254 Petition in an attempt to equitably toll the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1). This Court agrees with Magistrate Baughman, Jr. that these arguments are unpersuasive.

Petitioner amended his first §2254 Petition before this Court was able to rule upon Magistrate Burke's Report and Recommendation. This Court dismissed Petitioner's Motion in its entirety without prejudice, rather than adopt the Order to amend the petition. The Sixth Circuit affirmed that such dismissal was "an appropriate course of action" and denied the COA.(ECF #21, p.4). Therefore, Petitioner's first §2254 motion cannot be considered "amended," rather, it is dismissed without prejudice pursuant to the Judgment Entry issued by this Court on January 12, 2015. (ECF #14).

As it relates to the §2254 Petition in this matter, this Court adopts Magistrate Baughman, Jr.'s opinion that it should be dismissed as untimely filed. Section 2244(d)(1) of the AEDPA provides that petitions brought by individuals challenging their state-court convictions must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on December 4, 2013, when the Ohio Supreme Court dismissed his appeal for postconviction relief. Therefore, §2254(d)(1)(A) provides that Petitioner should have filed his Petition on or before December 5, 2014. Petitioner did not timely file the §2254 Petition at issue herein, and therefore, it is dismissed.

Petitioner attempts to revive his time-barred Petition by arguing that the current Petition "relates back" to the first Petition, and is therefore timely. (*See* ECF #12, p. 3). However, the "relation back" doctrine only applies to pending Petitions, not to successive Petitions.[2] Since the first Petition was dismissed before the second Petition was filed, this argument fails. Furthermore, there is no basis for statutory or equitable tolling in this case. Therefore, the Petition remains time-barred and is dismissed.

The Court has reviewed this matter *de novo* pursuant to 28 U.S.C. §636 and Rule 72(b) of the Federal Rules of Civil Procedure, and finds the Magistrate's Report and Recommendation to be thorough, well-written, well-supported and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation. This Court, therefore, adopts the Magistrate's Report in its entirety.

---

[2] *Hinds v. McLemore*, 2006 WL 1795137, at *1 (W.D. Mich. 2006).

-4-

Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §225(C); Fed. R. App. P. 22(b). Petitioner's motion for habeas corpus is hereby DENIED.

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATE: November 24, 2015